```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

JOSE J. CHAVEZ,

                  Plaintiff,

                                            CIVIL ACTION
      vs.                                        No. 04-3482-GTV

LOUIS E. BRUCE, et al.,

                  Defendants.

**ORDER**

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983. The defendants named in the complaint are: Louis Bruce, HCF Warden; William Cummings, Secretary of the Kansas Department of Corrections; and Dr. K. Potter, an HCF physician.

    To state a cognizable Eighth Amendment claim for failure to provide medical care, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993)(emphasis omitted, quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See e.g. Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(Eighth Amendment violation if prison officials knows of and disregards an excessive risk to inmate health or safety). However, a difference of opinion between an inmate and medical staff as to the need for or adequacy of treatment does not state a cognizable constitutional claim. Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992); Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir.

1993).

In his complaint, plaintiff claims he is being denied specific medication (Loritab) that was recommended by an outside physician. Plaintiff argues this violates his rights under the Eight Amendment, and seeks an outside medical examination and monetary relief including damages for mental anguish. Plaintiff acknowledges he was provided an alternative medication prescribed by HCF medical staff, and identifies no hardship or untoward consequence resulting other than his broad and conclusory claim that he would be in less pain if the specific recommended medication were provided.

By an order dated January 14, 2005, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because plaintiff's mere disagreement with the course of treatment provided was insufficient to establish deliberate indifference to plaintiff's medical needs by the facility doctor. Nor was there any deliberate indifference to plaintiff's serious medical need of plaintiff established by the remaining defendants' denial of relief in reviewing plaintiff's administrative grievance concerning the substituted medication.

In response to that court order, plaintiff no longer cites the denial of Loritab. Instead, he refers to excruciating abdominal pain for several years, states the minimal care provided has not determined the source of this pain, and argues further testing would be consistent with the prevailing community

standard for medical diagnosis and treatment.[1] Plaintiff contends the basic and preliminary medical testing that has been provided is inadequate, and has not included blood or urine testing.

Plaintiff documents medical request forms and two grievances submitted between June and September 2004 that include references to abdominal pain and complaints of inadequate care.  This documentation, however, also establishes continuing medical attention to plaintiff's medical needs.

It is clear that allegations of negligence in the diagnosis or treatment of prisoner's medical condition do not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Id.  The decision whether to order specific medical testing "is a classic example of a matter for medical judgment." Id. at 107. A decision not to order specific medical tests represents at most a matter of medical malpractice, for which the state courts offer the proper forum for relief.  Id.  Additionally, plaintiff's allegation of no cure for his pain being found does not rise to the level of deliberate indifference where constitutionally acceptable care is  provided.  See, Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996)(physician inability to effect final cure is not proof of deliberate indifference), cert. denied, 519 U.S. 1126 (1997).

Accordingly, because plaintiff's continuing dissatisfaction

---

[1] Plaintiff also cites and documents the dispensation of wrong medication by clinic staff in December 2004, after plaintiff filed the instant complaint.

with the medical treatment offered and the absence of any cure for his pain is insufficient to state a constitutionally significant claim of deliberate indifference by any defendant, the court concludes the complaint should be dismissed.[2] See 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 9th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States Senior District Judge

---

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii) counts as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."